IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02722-WYD-NRN

STATE FARM FIRE AND CASUALTY COMPANY,

Plaintiff,

v.

DAVID E. WEBB, NICHOLAS T. WEBB, TRUSTEE OF THE SPIRIT MTN. TRUST DATED APRIL 5, 2007, NICHOLAS T. WEBB, INDIVIDUALLY, PARK ESTATES HOMEOWNERS ASSOCIATION, INC., and ROBIN GREGORY,

Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE UPON DEFENDANTS DAVID E. WEBB, NICHOLAS T. WEBB, TRUSTEE OF THE SPIRIT MTN. TRUST DATED APRIL 5, 2007, AND NICHOLAS T. WEBB, INDIVIDUALLY (Dkt. #36)**

**N. Reid Neureiter**
**United States Magistrate Judge**

Before the Court is Plaintiff State Farm Fire & Casualty Company's ("State Farm") Motion for Substituted Service Upon Defendants David E. Webb, Nicholas T. Webb, Trustee of the Spirit Mtn. Trust Dated April 5, 2007, and Nicholas T Webb Individually (Dkt. #36) (together, the "Webb Defendants"), referred to me by Judge Wiley Y. Daniel. (Dkt. #37.) Defendants Park Estates Homeowners Association, Inc. (the HOA") and Robin Gregory do not oppose the motion. After carefully considering the motion, taking judicial notice of the Court's file, and considering the applicable Federal Rules of Civil Procedure and case law, the Court GRANTS in part and DENIES in part State Farm's motion.

1

## I. Background

On September 7, 2016, Defendant David Webb brought suit in state court against Defendants the HOA and Robin Gregory, among others, for personal injuries he allegedly sustained after being thrown from his ATV while driving on property owned by the HOA (the "State Case"). Mr. Gregory filed various counterclaims and third-party complaints against each of the Webb Defendants and the HOA, mostly relating to an easement dispute between the parties. (*Id.* ¶¶ 26-27, and Exhibit 4.) One of Mr. Gregory's counterclaims against David Webb asserted he had breached his fiduciary duty as an HOA board member.

State Farm agreed to defend the HOA in the State Case as a named insured under a Condominium and Homeowner Association Liability Policy Including Employment Practice Liability Coverage ("the Policy") issued to the HOA. (Dkt. #1 ¶ 40.) State Farm also agreed, under a reservation of rights, to defend Defendant David Webb's "interests under the Policy" in relation to Mr. Gregory's breach of fiduciary duty counterclaim. (*Id.* ¶ 44.) After that counterclaim was dismissed, State Farm notified David Webb in writing he did not have coverage and it was denying coverage for claims asserted against him individually. (*Id.* ¶¶ 47-49, and Exhibits 6 and 7.) David Webb's counsel, retained by State Farm on his behalf, then withdrew.

According to State Farm, Defendant David Webb "has disputed State Farm's position that there is no coverage [for him individually] under the Policy" in the State Case (*Id.* ¶51), and has also alleged, in briefing filed in the State Case, that Defendant Nicholas Webb is entitled to coverage under the Policy. (*Id.* ¶ 82.) State Farm thus filed

2

this lawsuit on October 24, 2018 seeking a declaratory judgment concerning "its rights, duties and obligations in relation to" the Webb Defendants under the Policy. (*Id.* ¶ 1.)

State Farm, however, has been unable to serve either David Webb or Nicholas Webb. State Farm initially filed a "Motion for Service of [the Webb Defendants] by Publication" (Dkt. #22) pursuant to Fed. R. Civ. P. 4(e)(1), and also purportedly Colorado Rule of Civil Procedure 4(f). But at the hearing held to address that motion (Dkt. #29), counsel for State Farm agreed that service by publication is governed by Colorado Rule of Civil Procedure 4(g), and that such service is only permissible "in actions affecting specific property or status or other proceedings in rem"—which this action is not. Colo. R. Civ. P. 4(g). *See also ReMine ex rel. Liley v. District Court for City and County of Denver*, 709 P.2d 1379 (Colo. 1985) (even where defendant willfully hides to avoid service, court may not create exception to rule that service by publication is only allowed in cases affecting specific property or other in rem proceedings). The Court denied the motion without prejudice, and gave State Farm the option of submitting "a new motion with additional authority to justify alternative service on or before March 9, 2019." (Dkt. #29). That motion is now before me.

## II. Analysis

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Pursuant to Colorado Rule of Civil Procedure 4(f), "Substituted Service," where a party is unable to effectuate personal service under Colorado Rule of Civil Procedure 4(e), and where service by

3

mail or publication is not permitted under Colorado Rule of Civil Procedure 4(g), "the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(e). The motion must include "the identity of the person to [whom] the party wishes to deliver the process," and prior to authorizing substituted service the court must be satisfied that "delivery of the process" to such person "is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective." *Id.*

A. Substituted Service on David Webb

State Farm asks the Court to allow it "to effect service on David Webb by serving his counsel, J. Keith Killian," who represented him in the State Case, and who currently represents him in appealing certain orders entered in the State Case. (Dkt. #36 ¶¶ 14-15.)

State Farm acknowledges that "generally service of process on an attorney of record is improper unless the attorney has been specifically authorized by his client to accept service," which has not occurred here. (*Id.* ¶ 16) (citing *Bardahl Mfg. Corp. v. District Court In and For Jefferson County*, 372 P.2d 447 (Colo. 1962)). State Farm argues, however, that a party's counsel in one case "is impliedly authorized to accept service of process in a closely related proceeding." (*Id.*) (citing *Southerlin v. Automotive Elec. Corp.*, 773 P.2d 599 (Colo. App. 1988), overruled on other grounds). According to State Farm, because this case "is an insurance coverage action arising out of the underlying action [i.e. the State Case] in which Mr. Killian represents Mr. [David] Webb . . . substituted service is a reliable option here because Mr. Killian still represents Mr. Webb in matters related to" the State Case. (*Id.* ¶ 17.) (*See also* Dkt. #36-6, March 8,

4

2019 Notice of Appeal filed by Mr. Killian and his firm on behalf of David E. Webb in relation to, among other things, summary judgment rulings in the State Case.)

Because Mr. Killian continues to represent David Webb in an appeal relating to the State Case, State Farm asserts he "is in the best position to apprise Mr. [David] Webb of this action and provide him with the summons and complaint." (*Id.* ¶ 18) (citing *Peck v. Chiddix Excavating, Inc.*, No. 14-cv-01344-RM-MJW, 2014 WL 4820986 (D. Colo. Sept. 29, 2014) and *Contrada, Inc. v. Parsley*, No. 1:10-CV-00646-WYD-CBS, 2010 WL 2943428 (D. Colo. July 21, 2010)).

The plaintiffs in both *Peck* and *Contrada* were unable to serve certain defendants in those cases despite repeated attempts at service, as described in affidavits or testimony by the process servers who attempted service. In *Peck*, the court allowed substituted service on one of the defendant's attorneys who represented the defendant in other matters, but who had communicated via email with plaintiff's counsel, and who had advised plaintiff's counsel that he had forwarded the complaint in the subject case to his client. In *Contrada*, the court similarly authorized substituted service on the defendants' attorney in a separate case in which the attorney was actively representing the defendants. In both cases, the courts concluded that based on the circumstances, service on the defendants' counsel who represented them in another case was "reasonably calculated to give actual notice to Defendants." *Contrada*, 2010 WL 2943428, *4; *Peck*, 2014 WL 4820986, *2. In both cases, the attorneys were not being served as agents under Federal Rule of Civil Procedure 4(e)(2)(C), but instead under Colorado's substituted service rule, Colorado Rule of Civil Procedure 4(f).

I find the circumstances here similar to those in *Peck* and *Contrada*.

5

State Farm has provided affidavits by three different process servers reflecting numerous unsuccessful attempts over the past four months to personally serve the Webb Defendants. (Dkt. #36 ¶4, Dkt. #36-1, #36-2, #36-3, and #36-4.) Mr. Killian currently represents Defendant David E. Webb in an appeal addressing issues determined in the State Case—which, as State Farm alleges, is related to this case. As recently as February 6, 2019, Mr. Killian filed a notice on David E. Webb's behalf in the case on appeal. (Dkt. #36-6.) I therefore agree with State Farm that service on Mr. Killian is reasonably calculated to give actual notice to Defendant David E. Webb based on Mr. Killian's current representation of Mr. Webb.

B.  Substituted Service on Nicholas Webb and the Trust

State Farm asks the Court to allow it "to effect service on Nicholas Webb, individually and as trustee for the Spirit Mt. Trust Dated April 5, 2007, by serving Thomas Colombo at 19941 N. 259th Ave., Buckeye, AZ 85396." (Dkt. #36 ¶ 20.) According to State Farm, "Mr. Colombo is the only person during Plaintiff's almost five months [sic] attempt to serve Nicholas Webb, that has stated he is aware of and apparently has contact with Nicholas Webb." (*Id.*) And, "Mr. Colombo knows Nicholas Webb and that Nicholas Webb has used Mr. Colombo's Arizona address to ship Snap-On parts." (*Id.*)

Tellingly, State Farm provides no authority for the premise that a court may authorize substituted service on a party by serving someone who is alleged to merely know and have been in contact with the party, and knows the party sometimes uses the person's address for shipping purposes. Such circumstances are nowhere close to those described above vis-à-vis David Webb and his attorney Mr. Killian. I decline to

authorize such service here, and conclude that with respect to Mr. Colombo, service on him would *not* be reasonably calculated to give actual notice to either Nicholas Webb, either individually or as trustee for the Spirit Mt. Trust Dated April 5, 2007.

Accordingly, IT IS HEREBY ORDERED that State Farm's Motion for Substituted Service (Dkt. #36) is GRANTED to the extent that it seeks substituted service on Defendant David E. Webb by serving his attorney J. Keith Killian of the law firm Davis, Richter & Mayle, PC, who currently represents him in an appeal relating to the State Case. Accordingly, it is FURTHER ORDERED that:

(1) State Farm shall serve Defendant David E. Webb by personally serving a copy of the Summons and Complaint on J. Keith Killian, Esq., KILLIAN DAVIS Richter & Mayle, PC, 202 North Seventh Street, P.O. Box 4859, Grand Junction, Colorado 81502;

(2) State Farm shall mail a copy of the Summons and Complaint to David E. Webb at each of the following three addresses[1]: 200 Cedar Ave., Montrose, Colorado 81401; P.O. Box 206, Ouray, Colorado 81427; and 515 Skyline Dr., Ridgeway, Colorado 81432; and

(3) State Farm shall file proof of the foregoing with the Court on or before April 10, 2019.

It is FURTHER ORDERED that State Farm's Motion for Substituted Service (Dkt. #36) is DENIED to the extent that it seeks substituted service on Defendant Nicholas T.

---

[1] On February 19, 2019, in another apparently related state court case filed in the District Court for Ouray County, Case No. 2016CV30012, Defendants Nicholas Webb and David Webb filed a Notice of Temporary Address Change that listed these three addresses. (Dkt. #36-5.)

Webb, individually or as trustee for the Spirit Mt. Trust Dated April 5, 2007, by serving Thomas Colombo.

Dated: March 21, 2019
Denver, Colorado

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge