IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02722-DDD-KLM

STATE FARM FIRE & CASUALTY COMPANY,

     Plaintiff,

v.

DAVID E. WEBB,
NICHOLAS T. WEBB, individually and as trustee of the Spirit Mtn. Trust Dated April 5,
2007,
PARK ESTATES HOMEOWNERS ASSOCIATION, INC., and
ROBIN GREGORY,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants David E. Webb and Nicholas T.

Webb's **Motion for Extension of Time to Respond to Plaintiff's Discovery Requests**

**or to Amend Deemed Admissions, If Any** [#142][1] (the "Motion").  Plaintiff filed a

Response [#144] in opposition to the Motion.  By Court Order [#141], no Reply was

permitted.

## I.  Background

     On October 10, 2019, Plaintiff served its First Set of Interrogatories, Requests for

Admission, and Requests for Production on Defendant David Webb ("Defendant"), who was

_____

[1] "[#142]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

proceeding pro se at that time. *See* [#144-2]. These requests consisted of (1) Requests for Admission Nos. 1-9; (2) Interrogatories Nos. 1-7; and (3) Requests for Production Nos. 1-12. *See id.* As stated in the introduction to the discovery requests, the deadline for Plaintiff to respond was 30 days later, i.e., November 12, 2019.[2] *See id.* at 1.

On November 18, 2019, Plaintiff's counsel told Defendant: "I am also making you aware that your deadline to respond to our first set of discovery requests has passed. Please respond to them soon or we will seek the Court's intervention." *See* [#144-3]. On November 20, 2019, Plaintiff's counsel told Defendant's newly-acquired counsel: "I know you have a lot to get up to speed with. On our end, there are two issues I'd like to draw to your attention as to needing attention in the near term. . . . The second issue is responding to our first set of discovery requests. The deadline to respond has passed. We'd appreciate hearing from you on whether we should expect a response." *See* [#144-3]. On November 22, 2019, Defendant's counsel sent Plaintiff's counsel an e-mail stating: "As for discovery . . . , I understand that there is pending written discovery to Mr. Webb. I have not yet had the chance to review the pending discovery requests, but I assure you we are working diligently to get caught up." *See* [#144-5]. On January 8, 2020, Plaintiff's counsel sent Defendant's counsel a conferral letter stating:

> This letter is an attempt by my client, State Farm Fire and Casualty Company ("State Farm"), to confer with David Webb ("David Webb") regarding his failure to respond to State Farm's First Set of Discovery Requests.
>
> On October 10, 2019, State Farm served its First Set of Interrogatories, Requests for Admission, and Requests for Production on David Webb. For

---

[2] Plaintiff states that November 9, 2019, was the 30-day deadline, but that date was a Saturday and the following Monday was a legal holiday, so Defendant's responses were actually due on November 12, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

your convenience, I have attached a copy of these discovery requests. The introductory paragraph requested a response within 30 days, as required by the Federal Rules of Civil Procedure. That deadline was November 9, 2019. Nearly two months have passed since this deadline expired. Not only did Mr. Webb not respond to these discovery requests at all, at this time over one month has passed since your entry of a Notice of Appearance on his behalf with still no response. Any objections that may have been raised in response to these discovery requests have been waived and forfeited.

We intend to seek an order from the Court compelling full responses without objection within 10 days and awarding reasonable attorney fees incurred in seeking compliance with Mr. Webb's discovery obligations. Please advise of your position on our motion no later than the close of business on January 9, 2020.

*See* [#144-7]. The same day the letter was sent, Defendant's counsel responded that any such motion would be opposed. *See* [#144-8].

On January 20, 2020, Plaintiff's counsel e-mailed the Court, pursuant to the undersigned's discovery dispute procedures, about this issue. After reviewing the e-mail, Plaintiff's discovery requests, and Plaintiff's discovery dispute chart, the Court directed Defendant to filed a motion for an extension of time to respond to Plaintiff's discovery requests, which he timely did on January 27, 2020. *See Order* [#141]; *Motion* [#142]. That same day, Defendant responded to Plaintiff's first set of written discovery requests. *See* [#144-10]. On February 3, 2020, Plaintiff filed a Response [#144] in opposition to the Motion [#142], despite the fact that Defendant had by that time responded to the requests.

## II.  Analysis

### A.      Fed. R. Civ. P. 12(d)(1)

Defendant first argues that Plaintiff's October 10, 2019 discovery requests were premature. This case was initiated on October 24, 2018, with the filing of the Complaint [#1]. At the time of the Scheduling Conference on July 24, 2019, Plaintiff had been unable to effectuate service on Defendant Nicholas Webb (both individually and as the trustee of

the Spirit Mtn. Trust Dated April 5, 2007), but the other three Defendants, including David

Webb, all participated.  *See* [#95, #96].  Plaintiff filed an Amended Complaint [#116] on

November 15, 2019.  On November 22, 2019, counsel entered an appearance on behalf

of both Defendant David Webb and Defendant Nicholas Webb.  *See* [#117, #118, #119,

#122].  Curiously, Defendant asserts in the present Motion [#142] that his counsel's firm

"entered its appearance on behalf of ALL Defendants" at that time, although it is very clear

that counsel's appearance was only on behalf of the two Webb Defendants and not

Defendants Robin Gregory and Park Estates Homeowners Association, Inc., who already

had their own counsel.  *See id.*  The Webb Defendants filed their Answer [#123] to the

Amended Complaint [#116] on December 13, 2019.

Defendant's counsel states that on January 10, 2020, "for the first time, counsel for

ALL parties 'conferred' in accordance with F.R.C.P. Rule 26(f)."  *Motion* [#142] at 5.

Defendant argues:

> F.R.C.P. Rule 26(d)(1) states that parties cannot begin discovery until ***the
> parties*** have conferred per Rule 26(f). "A party ***may not seek discovery***
> from any source ***before*** the ***parties*** have conferred as required by Rule 26(f)
> . . . ."  As such, the written discovery served on October 10, 2019 was
> premature pursuant to the plain meaning of Rule 26(d)(1).  As such, the first
> time the written discovery was not premature was subsequent to the
> conferral of counsel occurring on January 10, 2020.  According to the plain
> meaning of Rule 26(d)(1), answers and responses to the written discovery
> is [sic] not due until February 9, 2020.  As such, the discovery is not overdue
> and the requests for admissions can not be deemed admitted.  Supporting
> this approach is the fact that several of the RFA's pertain specifically to
> allegations in the counterclaims served by Defendant David Webb when he
> was appearing pro se and prior to all parties being subject to the jurisdiction
> of the Court.  For these reasons, any relief sought by State Farm in this
> regard should be denied as moot.

*Id.*

The Court finds this argument to be utterly without merit, especially in light of the

lack of any supporting legal authority from Defendant and the inability of the Court to find any legal authority supporting Defendant's argument either.  A Scheduling Conference was held in this matter on July 24, 2019, with participation by Plaintiff and three of the four Defendants in this matter.  *See* [#96, #97].  In the proposed Scheduling Order, the parties stated that Rule 26(f) meetings were held on May 30, 2019, and June 12, 2019, and that Defendant David Webb participated in those meetings on his own behalf.  *See* [#97] at 19; *see also id.* at 27 (showing Defendant David Webb's signature on the Scheduling Order). No statement or other objection was made by Defendant David Webb at the Scheduling Conference that subsequent discovery would be premature, and the clear implication of entry of a Scheduling Order by the Court is that discovery is permitted to proceed, even if, for any reason, any previous discovery were deemed premature.  *See* Fed. R. Civ. P. 26(d)(1) (providing in part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order").

Plaintiff's first set of written discovery requests were served on Defendant David Webb for him to answer independently—i.e., not in conjunction with Defendant Nicholas Webb.  It is clear that the only two parties implicated by these requests are Plaintiff and Defendant David Webb, and they both participated in not one, but two Rule 26(f) conferences.  The fact that Defendant Nicholas Webb had not entered an appearance in the matter had absolutely no impact whatsoever on Plaintiff's right to serve discovery requests on Defendant David Webb or any other Defendant who had entered an appearance in this case.  Nothing in Rule 26(d) states that no discovery may be taken until

every named Defendant in the lawsuit has entered an appearance.[3]  To hold otherwise would mean that a case could stagnate indefinitely if even a single defendant could not be served due to evasion of process or for any other reason.

Accordingly, the Court finds that Plaintiff's discovery requests to Defendant David Webb were not premature pursuant to Fed. R. Civ. P. 26(d)(1).

**B.      Fed. R. Civ. P. 36**

The Court addresses Plaintiff's Requests for Admission separately from Plaintiff's Interrogatories and Requests for Production because, as discussed below, the former are deemed answered as "admitted" in the absence of any response, while the latter are not deemed answered at all in the absence of a response.

Fed. R. Civ. P. 36(a) provides that "[a] party may serve upon any other party a written request" for the admission of the truth of any matters in the pending action.  If the party receiving the request fails to respond within thirty days, or within a specified amount of time, the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).  Thus, admission is automatic when the responding party does not timely respond.  Here, Plaintiff served its First Set of Interrogatories, Requests for Admission, and Requests for Production on Defendant David Webb on October 10, 2019.  *See* [#144-2].  Once the deadline elapsed on November 12, 2019 for Defendant to respond, the requests were automatically deemed

---

[3]  Some courts have expressed skepticism that a Rule 26(f) conference is required for parties who enter a case after the Scheduling Order is entered, but have also made clear that all parties are still bound by such order.  *See, e.g.*, *Rigsby v. Miscik*, No. 14-cv-23-bbc, 2014 WL 4678271, at *4 (W.D. Wisc. Sept. 18, 2014) ("Although defendants Berndt and Berndt, CPA were not parties when the preliminary pretrial conference was held, the court expects that all parties will comply with preliminary pretrial conference order, including the portions of it relating to discovery, regardless when the parties entered the case. . . . Defendants cite Rule 26(d)(1) for the proposition that a party may not seek discovery before the parties have conferred, but even if that rule applies to new parties, the rule may be modified by court order.").

admitted pursuant to Fed. R. Civ. P. 36(a)(3).

Once admitted, a matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).  A court may permit a withdrawal or amendment of the admission if "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*

In *Raiser v. Utah County*, 409 F.3d 1243, 1245 (10th Cir. 2005), the Tenth Circuit Court of Appeals held that the district court abused its discretion by not allowing the plaintiff to amend his responses to requests for admission.  There, the plaintiff did not respond to the defendant's requests for admission within thirty days.  *Id.*  However, four days following the requests for admission deadline, the plaintiff filed a motion for additional time to respond to or amend the admissions.  *Id.*  The district court denied the plaintiff's motion to amend or allow an untimely response to the requests for admission and granted the defendant's motion for summary judgment.  *Id.*  The Tenth Circuit held that the defendant had not suffered prejudice "sufficient to bar amendment" of the plaintiff's admissions and, given that the admissions were the only basis for the defendant's motion for summary judgment, the district court erred in denying the plaintiff's motion to respond to the requests for admission.  *Id.* at 1257.

The first part of the test to determine whether Defendant should be permitted to withdraw and amend these admissions "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."  *Raiser*, 409 F.3d at 1246.  The admissions at issue are as follows:

1. You never breached any fiduciary duty to Robin Gregory.

2. No basis ever existed for Robin Gregory, or anyone else, to allege that you breached any fiduciary duty.

3. No facts ever existed to support any breach of fiduciary duty claim against you in the Underlying Action.

4. It was inevitable that the fiduciary-duty claims alleged against you in the Underlying Action would be dismissed, because no factual basis ever existed for them and you did not breach a fiduciary duty to Robin Gregory.

5. From 2014 to 2019, you have not resided at the home located at 515 Skyline Drive, Ridgway, CO 81432 for the majority of each year.

6. Since 2014 you have not been the record holder of property located at 515 Skyline Drive, Ridgway, CO 81432, or any other property within the HOA.

7. Since 2014 you have been ineligible to serve as an HOA director, officer, trustee, board member, member, or volunteer.

8. Since 2014 you have not served as a fiduciary of the HOA.

9. After Robin Gregory dismissed the breach of fiduciary duty claim in the Underlying Action, none of the claims against you in the Underlying Action concerned actions or inactions taken by you as a HOA director, trustee, officer, employee, committee member, or volunteer.

*See* [#144-2] at 7.

Plaintiff argues that Defendant does not meet the standard here because the admissions "do not confess the merits of any claim or defense." *Response* [#144] at 12

(quoting *Sammond v. All. for Sustainable Energy, LLC*, No. 19-cv-01345-PAB-SKC, 2019 WL 6130801, at *4 (D. Colo. Nov. 19, 2019)). However, the Court finds that *Sammond v. Alliance for Sustainable Energy, LLC*, No. 19-cv-01345-PAB-SKC, 2019 WL 6130801, at *4, is distinguishable because the Court there was faced with a much different set of requests for admission. There, the Court found that upholding the three admissions at issue would not "practically eliminate any presentation of the merits" of a claim for gender discrimination where those admissions simply concerned certain actions connected to the sending of a single e-mail. Here, the requests for admissions are much more extensive and go to the very heart of the matter of Plaintiff's claim for declaratory relief that it had no duty to defend Defendant David Webb in an underlying action. *See Am. Compl.* [#116] ¶¶ 72-130. Thus, the Court finds that these "admissions would practically eliminate any presentation of the merits of the case." *Raiser*, 409 F.3d at 1246.[4]

Turning to the issue of prejudice, Plaintiff asserts that it has suffered prejudice "from its free [sic] repeated extensions to Mr. Webb and the costs of this discovery dispute, among other factors." *Response* [#144] at 9. Plaintiff further states:

> Here, State Farm has already suffered prejudice. Discovery has been delayed (and recently extended). State Farm has been unable to seek additional discovery from Mr. Webb and other parties because it never received the responses. These costs only add to the evasive tactics seen from the beginning: avoiding service of process, avoiding discovery requests, avoiding depositions. As the motion for a cost bond already explains, Mr. Webb has a long history of causing other parties to incur significant costs and expenses (over $500,000), never paying, and avoiding discovery, including the outstanding bench warrant for failing to appear at a deposition. That trend continues today.

---

[4] The Court so finds *solely* for purposes of resolving the present Motion [#142]. This finding is in no way intended to impact the law of the case for purpose of trial or adjudicating dispositive motions.

*Id.* at 144 (internal citation omitted).  The Court does not find most of these contentions to support the conclusion that Plaintiff has been prejudiced.  There is no indication why the delay itself has been prejudicial to Plaintiff, especially in light of the fact that discovery has been continuing, *see, e.g.*, *Motion* [#157] (discussing Plaintiff's additional discovery requests served on Defendant on March 6, 2019), and that the discovery cut-off has been extended to June 28, 2020, *see Minute Order* [#153].  As for the alleged "evasive tactics" concerning service of process, depositions, and issues in other litigation, none of those explain why Plaintiff has been prejudiced *here* by the delay in receiving responses to its first set of discovery requests.  To the extent Plaintiff asserts that it has been prejudiced by the cost of this discovery dispute, Plaintiff may of course file a motion seeking fees.[5]

Accordingly, Defendant's admitted requests for admission are deemed withdrawn and Defendant's amended January 27, 2020 responses to the nine requests for admission, *see* [#144-10] at 5-7, are accepted pursuant to Fed. R. Civ. P. 36(b).

**C.      Fed. R. Civ. P. 6(b)(1)(B)**

Finally, the Court turns to the issue of whether the time should be extended for Defendant David Webb to respond to Plaintiff's Interrogatories and Requests for Production.  Fed. R. Civ. P. 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  The court considers certain factors in deciding whether a party's neglect is excusable, including: (1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by

_____

[5]  To the extent Plaintiff chooses to do so, it shall do so no later than **May 8, 2020**.

Case 1:18-cv-02722-DDD-KLM   Document 160   Filed 04/22/20   USDC Colorado   Page 11 of 13

the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party; and (4) the existence of good faith on the part of the moving party. *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). Fault for the delay is a very important, if not the most important factor in determining whether neglect is excusable. *Id.* at 1163.

Regarding the first factor, the Court has already addressed prejudice in the context of the requests for admission and reaches the same result here—i.e, Plaintiff has not demonstrated that it has suffered any prejudice from the delay that cannot be rectified by acceptance of Defendant's responses to these discovery requests and/or by filing a motion for fees. Regarding the length of the delay, Defendant's responses were finally served on January 27, 2020, one day shy of eleven weeks from November 12, 2020. *See* [#144-10]. As for the impact on judicial proceedings, there is no indication that the previously-granted discovery cut-off extension was requested because of this issue, but the Court has had to expend significant time and effort resolving this dispute.

Regarding the last two factors, blame cannot be fully placed on either Defendant, who were proceeding pro se at the time the discovery requests were served and at the time they were due, or on Defendant's counsel, who entered their appearances shortly after the responses were due but then did not respond to them for nearly two more months until January 27, 2020, without making a timely request for an extension of time in which to respond. Defendant asserts that when he was pro se, he was "simultaneously attempting to stop the sheriff's sale of his home which was foreclosed on as a direct result of the tortious behavior of [Plaintiff]." *Motion* [#142] at 6. Defendant's counsel asserts that he was "working extensively with this firm's prior associate," who "did not draft answers and/or

responses to the written discovery" because the associate thought the discovery requests were "premature"—which the Court has already addressed above as having no legal basis. *Id.* Defendant states that "[t]he prior associate gave little notice and left the firm on December 31, 2020 leaving the firm scrambling to cover the files which were assigned to him." *Id.* All told, the Court finds that the delay was certainly within the reasonable control of the moving party, but there does not appear to be any evidence of bad faith on the part of Defendant with respect to these particular discovery requests, especially as they have now been answered.

The factors, therefore, are mixed, and whether to allow the extension is a very close call. On the one hand, one of the most basic duties of a litigant, if proceeding pro se, or his counsel, if represented, is to keep track of deadlines imposed by the Federal Rules of Civil Procedure, not to mention those deadlines imposed by Court order, the Local Rules, or the judicial practice standards of the judge(s) assigned to his case. Defendant David Webb could have simply filed a motion for an extension of time to respond to the discovery with the Court before the deadline elapsed,[6] or, barring that, his counsel could have immediately filed such a motion with the Court the moment they became aware that Defendant David Webb's deadline to respond had elapsed. On the other hand, although Plaintiff is frustrated with other alleged bad faith actions by Defendant David Webb, there is no evidence of bad

---

[6] Before the deadline elapsed, Defendant also could have negotiated a stipulation for an extension of time with Plaintiff pursuant to Local Rule 6.1(a). *See* D.C.COLO.LCivR 6.1(a) ("The parties may stipulate in writing to one extension of not more than 21 days beyond the time limits prescribed by the Federal Rules of Civil Procedure to respond to a pleading or amended pleading, interrogatories, requests for production of documents, or requests for admissions. The stipulation must be filed before the expiration of the time limits to respond prescribed in the Federal Rules of Civil Procedure and shall be effective on filing . . . ."

faith *here*, Plaintiff has not been irrevocably prejudiced in any stated way by the delay, and proceeding with a case on the merits is the preferable order of business.  In short, while the Court certainly does not condone the delay, the Court finds that the factors tip, if just barely, in favor of permitting the extension of time.  Thus, Defendant David Webb's January 27, 2020 responses to Plaintiff's first set of written discovery requests are accepted as timely.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#142] is **GRANTED** as outlined above.


Dated:  April 23, 2020                    BY THE COURT:

                                          Kristen L.  Mix
                                          United States Magistrate Judge